CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 2 7 2011

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CLYDE TUCK, | ) | CASE NO. 7:11CV00450 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| | ) | |
| | ) | |
| DIRECTOR, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

Clyde Tuck, a Virginia inmate proceeding pro se, is pursuing this civil rights action pursuant to 42 U.S.C. § 1983, among other things alleging that the defendant prison officials have not provided adequate follow up care for him after he had surgery in January 2011 for throat cancer, have not provided him with a special diet as recommended by a specialist to address unrelated mouth ulcers allegedly caused by food allergies,[1] and have not treated him appropriately for "fluctuating blood pressure." He also seeks access to his medical records. After the court issued an order directing the clerk to serve Tuck's complaint on the defendants, he filed a motion for immediate injunctive relief.

As a preliminary injunction temporarily affords an extraordinary remedy prior to trial, the party seeking the preliminary injunction must demonstrate that: (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is in the public interest." See Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 129 S. Ct. 365, 374 (2008). A

---

[1] In his amended complaint, Tuck alleges that a specialist who examined his mouth ulcers "ordered" that Tuck be transferred to a prison facility where he could be provided with the "Common Fare" diet, which he believes would alleviate his food allergy symptoms. The court takes judicial notice of the fact that the Common Fare diet is designed to be consistent with the religious diets required by various religious faith groups. Tuck does not allege that he has any religious basis for seeking this diet.

showing of a "strong possibility" of harm is insufficient, because the standard requires a showing that harm is "likely." Id. Each of these four factors must be satisfied before interlocutory injunctive relief is warranted. Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 347 (4th Cir. 2009), vacated by, remanded by, cert. granted, 130 S. Ct. 2371 (2010), reaffirmed in part, remanded by, 607 F.3d 355 (4th Cir. 2010). Because the primary purpose of injunctive relief is to preserve the status quo between the parties, pending a resolution on the merits, interlocutory injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief"; this extraordinary remedy cannot be "availed of to secure a piecemeal trial." Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980).

Upon review of the record, the court concludes that Tuck's motion for interlocutory injunctive relief must be denied. First, Tuck does not allege facts demonstrating that he will suffer irreparable harm without immediate court intervention. Although the court advised Tuck of the need to provide specific details about his conditions, his requests for medical treatment, and the responses he has received, his amended complaint consists primarily of conclusory assertions. Tuck alleges no facts concerning specific harm he will suffer from not having follow up visits related to his past surgery or from not having access to his medical records. Moreover, while he alleges that the other medical conditions at issue sometimes cause him some discomfort (pain from the mouth ulcers and headaches from the blood pressure changes),[2] his allegations and other submissions also indicate that prison medical staff respond to his complaints about his medical problems and provide him with some treatment: mouthwash and alternative menu choices to alleviate the ulcers, Tylenol for headache pain, and other medication apparently

---

[2] Tuck asserts that his blood pressure goes up and down, a condition that he believes has caused him "prolonged dizziness, head-aches, pain in his eyes, and minor strokes" on unspecified occasions in the past.

2

related to his throat surgery. While these treatments may not provide the medical regimen that Tuck believes the court should order officials to provide for him, the fact that prison medical personnel are addressing his medical conditions weighs against a finding that he will suffer irreparable harm in the absence of the requested interlocutory injunctive relief.

Furthermore, rather than maintaining the status quo between the parties, granting the requested relief would require prison officials to expend substantial effort and resources and would circumvent established VDOC procedures for determining appropriate medical treatment and housing for Tuck. Defendants should not be put to these burdens before having a chance to develop the issues through the normal litigation processes, which are well underway. Id. The court served Tuck's amended complaint on the defendants in mid-November 2011, and a responsive pleading is due in January 2012.

For the reasons stated, the court finds that Tuck has failed to allege facts sufficient to satisfy all of the four factors of the Winter standard to demonstrate that interlocutory injunctive relief is warranted. Real Truth, 575 F.3d at 347. Tuck's motion will be denied. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 30th day of December, 2011.

_____
Chief United States District Judge